UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| RICHARD PRESTON BLACKWELL,<br><br>Plaintiff,<br><br>v.<br><br>SOCIAL SECURITY ADMINISTRATION, et al.,<br><br>Defendants. | Civil No. 23-1865 (JRT/JFD)<br><br><br>**MEMORANDUM OPINION AND ORDER GRANTING FEDERAL DEFENDANTS' MOTION TO DISMISS AND REMANDING REMAINING CLAIMS TO STATE COURT** |

Richard Preston Blackwell, 101 Fifth Street, Suite 150, St. Paul, MN 55101, *pro se* Plaintiff.

Trevor Brown, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Defendants Social Security Administration and Jim Counts.

Jonathan Duffy and Matthew Beyer, **LEWIS BRISBOIS BISGAARD & SMITH LLP**, 90 South Seventh Street, Suite 2800, Minneapolis, MN 55402, for Defendants Centerra and Jeff Risollo.

Colin Laffey, **CITY OF SAINT PAUL CIVIL LITIGATION DIVISION**, 15 West Kellogg Boulevard, Suite 750, St. Paul, MN 55102, for Defendants City of Saint Paul, Anthony Holte, and Mark Hermann.

Plaintiff Richard Preston Blackwell brings this action against the Social Security Administration ("SSA") and its employee Jim Counts (collectively, "federal defendants"),

Centerra and its employee Jeff Risollo[1] (collectively, "Centerra"), and the City of Saint Paul and its employees Anthony Holte and Mark Hermann (collectively, "the City"). Blackwell alleges numerous Minnesota state law claims arising from an altercation at the SSA's St. Paul office. Because the Court finds that sovereign immunity bars the state law claims against the federal defendants and because the Court is unable to construe any viable federal law claims from Blackwell's complaint, the Court will grant the federal defendants' motion to dismiss. Absent the federal defendants, the Court will decline to exercise supplemental jurisdiction over the City and Centerra. Accordingly, the Court will dismiss the claims against the City and Centerra for lack of subject matter jurisdiction. Blackwell may continue to pursue those claims in state court, where he originally filed his complaint.

## BACKGROUND

### I.    FACTS

This action stems from a dispute at the SSA's St. Paul office in the First National Bank Building. Blackwell, without an appointment and concerned about long wait times, arrived before the office opened on May 25, 2017 to ensure that he was at the front of the line.[2] (Notice of Removal, Ex. A ("Compl.") at 1, June 21, 2023, Docket No. 1-1.) Defendant Jim Counts, an SSA representative, told Blackwell that he could not enter

---

[1] Centerra identifies Jeff "Risollo" as the individual that Blackwell and the case caption refer to as Jeff "Risilollo."
[2] For purposes of the Motions to Dismiss, the Court takes the allegations in Blackwell's complaint as true.

without an appointment. (*Id.*) Blackwell believed that individuals who arrived early enough could be seen without an appointment and complained of discriminatory denial of service. (*Id.*) There was also a dispute about whether Blackwell could enter with a bandana obstructing part of his face.[3] (*Id.* at 4–5.) In any event, Blackwell decided to enter the office to make an appointment. (*Id.* at 2.) When he proceeded, Counts instructed Defendant Jeff Risollo, a security guard employed by Defendant Centerra, to arrest Blackwell. (*Id.* at 2–3.) A scuffle ensued, during which Blackwell was forced to the ground and suffered injuries and scarring to his shoulder, knee, hip, and back. (*Id.* at 3.)

St. Paul Police Officer Anthony Holte arrived shortly thereafter. (*Id.*) He handcuffed Blackwell and removed Blackwell's backpack by cutting the straps. (*Id.*) Blackwell alleges Counts mischaracterized the preceding events when law enforcement arrived by telling them that Blackwell trespassed. (*Id.* at 3–4.) Blackwell was charged with trespassing and fifth degree assault, charges which were later dropped. (*Id.* at 4; Pl.'s Obj. to Def. Centerra Mem. Law Supp. Mot. Dismiss at 5, Sept. 8, 2023, Docket No. 28.)

Blackwell had recorded the incident on his cell phone. (Compl. at 3, 7.) Nearly three years later, the City impounded his vehicle for a parking violation. (*Id.* at 7.) Blackwell alleges the City improperly confiscated his cell phone with the recording from the impounded vehicle. (*Id.* at 7–8.)

---

[3] These events transpired before the COVID-19 pandemic normalized face coverings.

## II. PROCEDURAL HISTORY

Blackwell filed this action in state court. (*See id.* at 1.) His complaint and accompanying memorandum of law plead numerous state law counts, including violations of Minn. Stat. 363A.17 (business discrimination), Minn. Stat. 629.38 (requiring disclosure of cause for private arrest), Minn. Stat. 466.02 (municipal tort liability), and the Minnesota Government Data Practices Act.[4] (*See id.* at 6, 8–9, 11–17.) The complaint does not always specify which counts apply to which defendant. The federal defendants timely removed Blackwell's claims to federal court pursuant to 28 U.S.C. § 1442 and the general removal statutes. (*See* Notice of Removal.)

The federal defendants now move to dismiss Blackwell's complaint against them for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).[5] (Defs. SSA & Jim Counts's Mot. Dismiss at 1, Sept. 29, 2023, Docket No. 32.) Centerra moves to dismiss for failure to state a claim under Rule 12(b)(6). (Mot. Dismiss of Defs. Centerra Group, LLC & Jeff Risollo at 1, June 29, 2023, Docket No. 9.) And the City moves for judgment on the pleadings pursuant to Rule 12(c), or in the alternative, summary judgment pursuant to Rules 12(d) and 56. (Defs.' Mot. J. on Pleadings or Summ. J. at 1, Oct. 4, 2023, Docket No. 38.)

---

[4] This list is not exhaustive but is representative of Blackwell's allegations.
[5] The federal defendants also moved to dismiss for insufficient service of process but withdrew their 12(b)(5) motion after Blackwell achieved proper service. (*See* Letter to District Judge, Nov. 14, 2023, Docket No. 61.)

**DISCUSSION**

I.   **FEDERAL DEFENDANTS**

   A.   **Standard of Review**

A Rule 12(b)(1) motion challenges the Court's subject matter jurisdiction and requires the Court to examine whether it has authority to decide the claims. *Damon v. Groteboer*, 937 F. Supp. 2d 1048, 1063 (D. Minn. 2013). The party seeking to invoke a federal court's subject matter jurisdiction bears the burden of showing that the court has jurisdiction. *Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 822 (8th Cir. 2011). A court must dismiss an action if it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

"A court deciding a motion under Rule 12(b)(1) must distinguish between a 'facial attack' and a 'factual attack.'" *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990). In deciding a facial attack, "the court restricts itself to the face of the pleadings, and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." *Id.* (internal citations omitted). The Court, however, may also consider "materials that are necessarily embraced by the pleadings." *Carlsen v. GameStop, Inc.*, 833 F.3d 903, 908 (8th Cir. 2016) (citations and internal quotation marks omitted).[6] The Court accepts as true all facts alleged in the complaint,

---

[6] "[M]aterials embraced by the complaint include documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleadings." *Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017) (internal quotation marks and citation omitted).

construing all reasonable inferences in the plaintiff's favor. *Id.* By contrast, "[i]n a factual attack, the court considers matters outside the pleadings" and the non-moving party does not enjoy the benefit of the allegations in its pleadings being accepted as true. *Osborn*, 918 F.2d at 729 n.6 (citations omitted). "The general rule is that a complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (citations and internal quotation marks omitted).

A court must liberally construe a pro se plaintiff's claims. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, pro se litigants are not excused from failing to comply with substantive or procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).

**B.     Analysis**

Blackwell's complaint against the federal defendants presents a moving target. His complaint states only state law causes of action. Yet, after liberally construing the pleadings, the federal defendants address potentially analogous federal claims under the Federal Tort Claims Act ("FTCA") and constitutional tort doctrines. Blackwell seems to embrace at least some of those claims in his response, and adds additional federal statutory support. The Court concludes that the state law claims stated in the complaint should be dismissed because sovereign immunity prevents Blackwell from bringing them against the federal defendants. And the potential federal law claims, analyzed as a matter of liberal claim construction, fare no better.

### 1. State Law Claims

Because sovereign immunity bars Blackwell's state law claims against the federal defendants, the Court will dismiss all such counts.

Absent an express waiver by the United States Congress, sovereign immunity protects the United States and its agents from suit. *United States v. Shaw*, 309 U.S. 495, 500–01 (1940); *United States v. Kearns*, 177 F.3d 706, 709 (8th Cir. 1999). A district court lacks jurisdiction to hear a case against the United States or its agents unless sovereign immunity has been expressly waived. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *Kearns*, 177 F.3d at 709 (same).

Sovereign immunity applies to state law claims brought against the United States, its agencies, and its officers. *See Richland/Wilkin Joint Powers Auth. v. U.S. Army Corps of Eng'rs*, No. 13-2262, 2015 WL 2251481, at *7–8 (D. Minn. May 13, 2015). Because Blackwell does not provide nor can the Court adduce any evidence that the United States Congress waived sovereign immunity with respect to the Minnesota Human Rights Act, Minnesota municipal tort liability statutes, Minnesota's bias statutes, or any other Minnesota causes of action, the Court does not have subject matter jurisdiction over those claims. Accordingly, the Court will dismiss all state law causes of action against the federal defendants.

### 2. Federal Law Claims

Blackwell's complaint only addresses state law causes of action. For good measure, the Court will address potential federal law claims that emerged in the parties' briefing. Neither the FTCA, nor federal civil rights laws, nor any genre of constitutional tort provide Blackwell with a viable claim against the federal defendants. Thus, the Court will dismiss all claims against the federal defendants from this action.

#### a. FTCA

"The [FTCA] is a limited waiver of sovereign immunity, making the Federal Government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment." *United States v. Orleans*, 425 U.S. 807, 813 (1976); *see also* 28 U.S.C. § 2674. The purpose of this waiver is "to compensate the victims of negligence in the conduct of governmental activities in circumstances like those in which a private person would be liable and not to leave just treatment to the caprice and legislative burden of individual private laws." *Bacon v. United States*, 810 F.2d 827, 828 (8th Cir. 1987) (quoting *Indian Towing Co. v. United States*, 350 U.S. 61, 68–69 (1955)). When the FTCA has not waived sovereign immunity, the jurisdictional prohibition remains intact.

First, as a technical matter, FTCA claims may only be brought against the United States, not its agencies (SSA) or employees (Counts). *See Meyer*, 510 U.S. at 476 ("federal agency cannot be sued 'in its own name'" under the FTCA); 28 U.S.C. § 1346(b). There

are fundamental defects that render Blackwell's FTCA claims nonviable even if he amended his complaint to name the proper defendant, though.

To start, Blackwell did not exhaust his administrative remedies. Federal courts only have jurisdiction over FTCA claims that are first presented through an administrative claims process. *See* 28 U.S.C. § 2675; *McNeil v. United States*, 508 U.S. 106, 113 (1993). Blackwell presents no evidence that he filed the required claim form with the SSA's General Counsel. *See* 20 C.F.R. §§ 429.101, 429.102; (Decl. of Brandon Dell'Aglio ¶¶ 3–5, Oct. 31, 2023, Docket No. 56.) And it is now too late for him to do so; an FTCA claim "shall be forever barred" unless submitted in writing to the appropriate agency within two years. *See* 28 U.S.C. § 2401(b). More than six years have passed since the incident in question.

What is more, the FTCA does not waive sovereign immunity for intentional torts like those Blackwell alleges. *See* 28 U.S.C. § 2680(h); *Doe v. United States*, 58 F.4th 955, 958 (8th Cir. 2023).

Accordingly, the Court does not have jurisdiction to consider Blackwell's claims under the FTCA.

### b. Federal Civil Rights Laws

Blackwell recites several federal statutes in support of his discrimination claims against the federal defendants. None are availing.

First, Blackwell cites to 42 U.S.C. § 1983. Although Section 1983 provides a cause of action based on federal law, it does not authorize such actions against federal

defendants. *See Jones v. United States*, 16 F.3d 979, 981 (8th Cir. 1994).  Rather, Section 1983 authorizes suit against defendants acting under color of **state** law.  It is in part because the statute does not extend to federal officers that the *Bivens* line of cases (addressed below) emerged.  *Cf. Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 427–28 (1971) (Black, J., dissenting).

Next, Blackwell turns to 42 U.S.C. §§ 2000a *et seq.*, which prohibits discrimination in public accommodations.  The statute does not waive federal sovereign immunity, though.  *See Jarvis v. DeJoy*, No. 23-1970, 2023 WL 4824736, at *1 (D.D.C. July 27, 2023).  The SSA office also does not qualify as a public accommodation as enumerated in 42 U.S.C. § 2000a(b).  Blackwell argues that the office falls under Section 2000a(b)(4) because it is located within the First National Bank building, which also contains food vendors.  But he does not allege that the downtown office building is "**principally** engaged in selling food for consumption on the premises," as is required to qualify as a public accommodation under the statute.  42 U.S.C. § 2000a(b)(2) (emphasis added).

Finally, Blackwell points to 28 U.S.C. § 5001(b), which establishes choice of law for personal injuries sustained in places subject to exclusive federal jurisdiction.  Again, the law does not unequivocally waive sovereign immunity, as would be necessary to sustain this action against the federal defendants.  *Cf. Willis v. Boyd*, 993 F.3d 545, 547 (8th Cir. 2021).  Just because the law governs suits on federal land does not mean it authorizes suits against the federal government.  Because there is no waiver of sovereign immunity

and the Court lacks jurisdiction, the Court will not wade further into the parties' disputes about what constitutes exclusive jurisdiction and whether the SSA office is a federal enclave.

### c. Constitutional Torts

Congress has not waived sovereign immunity for constitutional torts. *See Washington v. Drug Enf't Admin.*, 183 F.3d 868, 873 (8th Cir. 1999); *cf. Buford v. Runyon*, 160 F.3d 1199, 1203 (8th Cir. 1998). Thus, Blackwell cannot sustain a constitutional claim against the federal defendants.[7] Even if the Court were to liberally construe Blackwell's complaint to bring claims against Counts in his personal capacity, a *Bivens* action would be unavailing. In *Bivens*, the Supreme Court created a limited right of action against individuals who deprive others of constitutional rights while acting under the color of federal law. 403 U.S. at 397. In the fifty years since its issuance, *Bivens* has been so narrowly construed that it has left plaintiffs without remedies outside three specific contexts: Fourth Amendment claims against federal law enforcement officers, Fifth Amendment sex discrimination claims against government employers, and federal prisoners' Eighth Amendment claims for inadequate medical care. *See Egbert v. Boule*, 596 U.S. 482, 490–91 (2022). Practically any deviation from those contexts is fatal to a *Bivens* action, as extension of the right is a "disfavored judicial activity." *See Ziglar v.*

---

[7] Because the complaint does not specify the capacity in which Blackwell sues Counts, the Court must conclude the complaint only includes official capacity claims. *See Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007).

*Abbasi*, 582 U.S. 120, 135 (2017). Accordingly, Blackwell would not have a viable *Bivens* claim for discriminatory denial of access to SSA facilities.

\* \* \*

In sum, the Court does not have subject matter jurisdiction to entertain Blackwell's claims, whether state or federal, against the federal defendants. And amended pleadings would not remedy the legal barriers—primarily, sovereign immunity—standing in the way of such a suit. Accordingly, the Court will dismiss Blackwell's claims against the federal defendants with prejudice.

## II.     REMAINING DEFENDANTS

Having resolved the claims involving federal agencies and officers, the only claims remaining for adjudication are those against Centerra and the City. Because the Court does not have original jurisdiction over those claims and will decline to exercise supplemental jurisdiction, the Court will dismiss the remaining claims without prejudice.

Federal courts are tribunals of limited jurisdiction. "Subject matter jurisdiction . . . is a threshold requirement which must be assured in every federal case." *Turner v. Armontrout*, 922 F.2d 492, 493 (8th Cir. 1991). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The federal defendants properly invoked the Court's jurisdiction based on the presence of federal officer and agency defendants. *See* 28 U.S.C. § 1442. No other party has provided a basis for the Court's jurisdiction, though, and pursuant to this Order, the federal defendants are no longer parties to the case.

Ordinarily, a federal court has subject matter jurisdiction when it has federal question or diversity jurisdiction. *See* 28 U.S.C. §§ 1331, 1332. Federal question jurisdiction exists when "federal law creates the cause of action" or if "relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27–28 (1983). Diversity jurisdiction requires "complete diversity of citizenship among the litigants" and "an amount in controversy greater than $75,000." *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007).

The pleadings do not reveal any basis for original subject matter jurisdiction as to the City or Centerra. To the contrary, Blackwell exclusively cites state law causes of action in his complaint. The briefing on these defendants' motions to dismiss also focuses exclusively on state law claims. Additionally, there is no indication that the litigants are diverse. Even if they were, the complaint only requests damages "in an amount greater than $50,000," which falls below the federal amount in controversy requirement of $75,000 for diversity jurisdiction. (*See* Compl. at 9.)

Absent pleadings that indicate that it has original jurisdiction, the Court assumes it is being asked by the parties to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367. The Court will decline that invitation. Section 1367(a) allows federal courts to exercise supplemental jurisdiction over claims "so related" to claims within their original jurisdiction that the claims "form part of the same case or controversy." 28 U.S.C.


§ 1367(a). A federal court may decline to exercise supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Having dismissed all claims over which the Court had original jurisdiction, the Court will not exercise supplemental jurisdiction over the remaining state law claims. The Court has not yet expended significant resources adjudicating the state law claims and wishes to allow the state courts primacy in adjudicating disputes between local defendants governed by state law.

Nothing about this Order prevents Blackwell from continuing to pursue his claims against Centerra and the City in state court, where he originally brought this action.[8]

## CONCLUSION

Because sovereign immunity prevents the Court from entertaining Blackwell's claims against the federal defendants, the Court will grant those defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). With the federal defendants dismissed, the Court will decline to exercise supplemental jurisdiction over the remaining defendants. Dismissal will allow Blackwell to litigate his action against the City and Centerra in his initially-selected forum and allow the state courts to decide matters of state law.

---

[8] Unlike Blackwell's action against SSA and Counts, the Court will dismiss Blackwell's complaint against the City and Centerra without prejudice. Blackwell's right to sue again in federal court is reserved, and he may re-file a complaint or alter his claim in the future if it is not precluded by future state court litigation and there is new information bearing on the Court's subject matter jurisdiction.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants Social Security Administration and Jim Counts's Motion to Dismiss [Docket No. 32] is **GRANTED**;

2. Plaintiff's claims against the Social Security Administration and Jim Counts are **DISMISSED with prejudice**;

3. Plaintiff's claims against Centerra, Jeff Risollo, the City of Saint Paul, Anthony Holte, and Mark Hermann are **DISMISSED without prejudice**;

4. Defendants Centerra and Jeff Risollo's Motion to Dismiss [Docket No. 9] is **DENIED as moot**; and

5. Defendants City of Saint Paul, Anthony Holte, and Mark Hermann's Motion for Judgment on the Pleadings or Summary Judgment [Docket No. 38] is **DENIED as moot**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: February 7, 2024
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge