UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| RICHARD PRESTON BLACKWELL,<br><br>Plaintiff,<br><br>v.<br><br>SOCIAL SECURITY ADMINISTRATION, et al.,<br><br>Defendants. | Civil No. 23-1865 (JRT/JFD)<br><br>**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED IFP ON APPEAL** |

Richard Preston Blackwell, 101 Fifth Street, Suite 150, St. Paul, MN 55101, *pro se* Plaintiff.

Trevor Brown, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Defendants Social Security Administration and Jim Counts.

Emily Suhr, **LEWIS BRISBOIS BISGAARD & SMITH LLP**, 90 South Seventh Street, Suite 2800, Minneapolis, MN 55402, for Defendants Centerra and Jeff Risollo.

Colin Laffey, **CITY OF SAINT PAUL CIVIL LITIGATION DIVISION**, 15 West Kellogg Boulevard, Suite 750, St. Paul, MN 55102, for Defendants City of Saint Paul, Anthony Holte, and Mark Hermann.

Plaintiff Richard Blackwell filed this action against the Social Security Administration ("SSA"), Centerra, the City of St. Paul, and their employees for an altercation that occurred at the SSA office in St. Paul. *See Blackwell v. Soc. Sec. Admin.*, No. 23-1865, 2024 WL 477038, at *1 (D. Minn. Feb. 7, 2024). The Court dismissed Blackwell's complaint against the federal defendants for lack of subject matter jurisdiction

because his claims were barred by sovereign immunity and other legal obstacles. *See id.* at *3–5. The Court remanded Blackwell's claims against the other defendants to state court after declining to exercise optional supplemental jurisdiction. *See id.* at *5–6. Blackwell filed a notice of appeal of the Court's order to the Eighth Circuit and applies to proceed *in forma pauperis* ("IFP") on appeal. (*See* Appl. to Proceed IFP on Appeal, Apr. 8, 2024, Docket No. 71.) He appears to appeal only the Court's dismissal of the federal defendants. (*See id.* at 1.) Because any appeal would lack an arguable basis in law, the Court will deny Blackwell's application to proceed IFP.

A litigant who seeks to be excused from paying the filing fee for an appeal in a federal case may apply for IFP status under 28 U.S.C. § 1915. To qualify for IFP status, the litigant must demonstrate that they cannot afford to pay the full filing fee. 28 U.S.C. § 1915(a)(1). Even if a litigant is found to be indigent, however, IFP status will be denied if the Court finds that the litigant's appeal is not taken in good faith. *Id.* § 1915(a)(3). Good faith in this context is judged by an objective standard and not by the appellant's subjective point of view. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually or legally frivolous. *See id.* at 445. An appeal is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

As explained in the Court's prior order, Blackwell's action lacks an arguable basis in law. *See Blackwell*, 2024 WL 477038, at *3–5. Sovereign immunity bars all possible state law claims against the federal defendants. It also forecloses potential federal claims, not included in Blackwell's complaint, when analyzed as a matter of liberal claim construction. *Id.* Even setting aside the sovereign immunity, this action suffers from other insurmountable defects. Blackwell did not exhaust his administrative remedies to bring an action under the Federal Tort Claims Act, 42 U.S.C. § 1983 does not authorize suit against federal defendants, and the facts of this case do not fit into the narrow circumstances that can underly a *Bivens* action. *Id.* Because Blackwell's complaint allows no basis to overcome sovereign immunity and numerous other legal barriers, his appeal of the Court's order dismissing his complaint against the federal defendants is frivolous. Accordingly, the Court will deny his application to proceed IFP on appeal.

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed IFP on Appeal [Docket No. 71] is **DENIED**.

DATED: April 30, 2024
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge